WHEELER *against* ROBERTS and ROBERTS.

ON certiorari from a justice's court, rendered under the 50 dollar act of April 12th, 1824, (sess. 48, ch. 238,) the judgment was reversed; and the plaintiff in error taxed his costs at 50 dollars, for which he took judgment and issued execution.

A motion was now made to set aside the judgment and execution, so far as they respected the costs, for irregularity.

*A. Hascall*, for the motion.

*W. H. Parker*, contra.

*Curia.* This judgment for costs cannot, at any rate, be sustained in its full extent; and we think, upon the present state of the law, costs are not allowable at all on reversing a judgment of a justice's court on certiorari. The right to full costs here is put on the ground that the act of 1824, (sess. 48, ch. 238, s. 43,) by repealing the act of 1813, (1 R. L. 397, s. 18,) allowing $25 costs, revived the act of 1801, (1 K. & R. 501, s. 19,) which allowed the full costs of this court. Recognizing, as we do fully, the rule that a repealing statute, which is itself repealed, revives the first statute ; yet the consequence contended for does not follow ; for there was an act of 1808, (sess. 31, *ch. 204, s. 17,) which limited the costs to $25 ; and which itself, (s. 31,) repealed the act of 1801. Thus, the statute of 1808 is to be revived, if any ; and this would reduce the costs of the judgment one half. But the plaintiff in

Under the 50 dollar act of 1824, (sess. 48, ch. 238,) the reversal of a judgment on certiorari carries no costs whatever; but each party must pay his own costs. The rule, that a repealing statute being itself repealed, revives the first statute, recognized.

[*537]

[1] See Waterman's Archbold's Cr. Pr. and Pleading, tit. *Conspiracy.*

ALBANY, error has another difficulty in his way. The statute of
Oct. 1827. 1808 was repealed, not merely by implication arising from
——— the statute of 1813; but by the general repealing act of
Finch the 13th of April, in the same year. (2 R. L. 556.) This
v. repealing act remains in force, and is not repealed, or af-
M'Dowall. fected by the statute of 1824. We pass by the act of 1818,
(sess. 41, ch. 94,) extending the jurisdiction of justices, as
not touching the question. Thus, the whole case is left,
as the legislature doubtless intended it should be, to stand
on the act of 1824. This gives a certiorari in a few cases
only, excepted out of the general remedy by appeal. (Vid.
s. 36.) But it is silent as to costs. These, then, stand on
the common law footing; which is, that each party shall
pay his own costs, without the means to recover them of
his adversary.

The consequence is, that the plaintiff cannot be entitled
to costs; and his judgment and execution must be set aside
*in toto.*

Rule accordingly.