By the Court.—Gilbert, J.
This is an appeal from an order awarding a mandamus to compel the defendants to extend to members of the National Guard, the exemption from taxes allowed by law.
This exemption was first granted by section 146 of the “Act to provide for the enrollment of the militia, the organization and discipline of the National Guard, &c., for the public defense,” passed April 23, 1862 {Laws of 1862, p. 911, ch. 477, § 146), which section reads as follows : “ Every non-commissioned officer, musician, and private of any uniform corps of this State shall be kolden to duty therein for the term of seven years from his *151 enlistment, unless disability after enlistment shall incapacitate him to perform such duty, or he shall be regularly discharged by the commandant of his regiment; all general and staff officers, all field officers, and all commissioned and non-commissioned officers, musicians and privates of the military forces of this State, shall be exempt from jury duty during the time they shall perform military duty, and from the payment of highway taxes, not exceeding six days in any one year; and every such person not assessed for highway taxes shall be entitled to a deduction, in the assessment of his real and personal property, to the amount of five hundred dollars ; and every person who shall have served seven years and shall have been honorably discharged, as required by this section, shall forever after, so long as he remains a citizen of this State, be exempt from two days’ highway taxes in each year ; and if a resident of any city of this State, he shall forever be entitled to a deduction in the asessment of his real and personal property, to the amount of five hundred dollars each year ; the exemption and deduction herein provided for to be allowed only on the production, to the assessor or assessors of the town or ward in which he resides, of a certificate from the commanding officer of the regiment in which he last served.”
By chapter 334, of the Laws of 1864, this section was amended by increasing the permanent exemption from highway taxes, after seven years of service, and an hon orable discharge therefrom, to six instead of two days. This was the only effect of the amendment.
The “ Act making appropriations for the support of government,” passed May 6, 1869 (2 Laws of 1869, p. 1537, ch. 645), repeals section 146 of chapter 334 of the Laws of 1864. The latter act contains only six sections. The first section provides that sections 101 and 146 of the aforesaid act of 1862, are respectively amended so as to read as follows. Then follow those sections designated by numbers and set forth in full as amended. If we *152 assume that the legislature intended to repeal the amendment made in 1864, of section 146 of the act of 1862, the only effect of such repeal would be to restore the original act (Sedgw. St. & Con. Law, 137; Bishop's Case, 12 Co. 7; 7 Cow., 536-7; 4 Hill; 1 Gray, 105.)
But it was ineffectual for this purpose, because the amendment of 1864 had been rendered inoperative by the passage of an “Act to amend” the aforesaid act of 1862,. passed April 29, 1865. This act provides that several sections of said act of 1862, and among them section 146, are respectively amended so as to read as follows. Then follow the several sections as amended. This act of 1865 was also superseded, so far as the question before us is concerned, by “ An Act to amend” the aforesaid act of 1862, passed April 22, 1867 (2 Laws of 1867, 1295, ch. 502). This act also provides that several designated sections of said act of 1862, and among them section 146, are hereby amended so as to read as follows : “ Section 146, as amended and inserted in this act,” is as follows: “ Every non-commissioned officer, musician,'or private of the National Guard of this State, shall be holden to do duty therein for the term of seven years from his enlistment, unless disability after enlistment shall incapacitate him to perform such duty, or he shall be regularly discharged by the commandant of his regiment. All general and staff officers, all field officers ; all commissioned and non-commissioned officers, musicians and privates of the organized National Guard of this State, shall be exempt from jury duty during the time they shall perform military duty, and shall be entitled to a deduction in the assessment of their real and personal property to the amount of five. hundred dollars each, except cavalrymen, artillerymen, and mounted officers, who shall be entitled to a deduction of one thousand dollars on all classes of taxes. And every person who shall have so served seven years, and shall have been honorably discharged as required by this section, shall forever after, as long as he remains a citi *153 zen of this State, be exempt from jury duty. No non-commissioned officer, musician or private, in the National Guard shall be discharged from service, except for physical disability or expiration of term of service. Discharges for physical disability shall be given only upon the certificate of the regimental surgeon, and no member of any company shall be discharged from service, except'upon the certificate of the commanding officer of his company that such member has turned over, or satisfactorily accounted for, all property issued to and charged to him. Commanding officers of regiments shall make returns through intermediate officers, to the adjutant-general, on the first day of January and July in each year, of all discharges granted by them during the previous six months, giving names and grades of the persons so discharged and the causes for which discharged.”
The question, then, is, whether section 146 of the act of 1862, as amended by the aforesaid act of 1867, was repealed by the act of 1869 referred to. We are of opinion that it was not. The repealing statute does not in any way refer to the original act, but does distinctly mention another amendatory act. We are not at liberty to substitute the one for the other, and if we had the power, we should not be disposed to encourage such loose and careless legislation by exercising it.
It has been urged that the legislature must have in- ' tended to repeal the whole exemption in favor of members of the National Guard, and, therefore, that the repealing statute of 1869 should be read as if it had mentioned section 146 of chapter 477 of the Laws of 1862, as amended by the act of 1867, instead of section 146 of chapter 334 of the Laws of 1864.
We think such was not the intention of the legislature. In the first place, conceding that the act of 1862, giving the exemption, has not the effect of a contract binding on the State, yet it would certainly be a breach of faith to take the exemption away without clear and *154 paramount reasons for so doing (Sedgw. St. & Con. Law, 629; Commonwealth v. Bird, 12 Mass., 443).
In the second place, the language of the act of 1869 clearly shows an intent to take away merely the exemption from highway taxes, and the right to a deduction from assessments to the amount of fire hundred dollars ; whereas the actual exemption existing when the act of 1869 was passed, did not embrace highway taxes, or the permanent exemption after the expiration of and discharge from service, and did include a permanent exemption from jury duty after such expiration of and discharge from service, and also a right to a deduction in the assessment of real and personal property of one thousand dollars in favor of cavalymen, artillerymen, and mounted officers.
It cannot be inferred that the legislature intended to repeal the whole exemption, because the language employed plainly limits their intention to a repeal of those ■provisions which exempt from highway taxes, and gives a right to a deduction of five hundred dollars in the assessment *of property; and it would be unjust and unreasonable to give an effect to the repealing statute which should destroy the exemption as to one class of members of the National Guard, and preserve it in favor of another class, having no stronger claims upon the liberality of the legislature. Such partial legislation cannot be imputed except upon language which is clear and unequivocal. It is more reasonable to hold that the legislature intended to do just what they did, namely, abrogate an amendment, and that such intention cannot be carried into effect, because .the amendment which they intended to repeal had already been superseded by an amendatory act later in point of time, and differ-. ent in its provisions.
The sum of the whole matter Is this : If the legisla | tufe had intended to restore the act of 1862, they would háve re-enacted that statute, or else have repealed all acts amendatory of it. If they had intended to destroy *155 the exemption altogether, they would have repealed section 146 of the act of 1862, and all acts amending that section. Not having done either, the provision in the act of 1869, referred to, is simply nugatory.
The order appealed from must be affirmed with costs.