HENRY VAN DENBURGH et al., Respondents, *v.* THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF GREENBUSH, Appellants.

The special mechanic's lien law of 1865 for the county of Rensselaer (chap. 778, Laws of 1865) was not repealed by the act of 1869 (chap. 558, Laws of 1869) amending the general lien law of 1854 (chap. 402, Laws of 1854).

Assuming that said act of 1865 was by implication repealed by the act of 1869, it was restored by the act of 1870 (chap. 194, Laws of 1870) exempting the county of Rensselaer from the operation of said act of 1869.

Accordingly, *held*, that a notice of lien in said county was properly filed in the office of the town clerk, not of the county clerk.

Where a repealing statute is itself repealed, the first statute is revived, and it matters not whether the repeal in either case be by express language or by implication.

(Submitted April 5, 1876; decided April 18, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department affirming a judgment

---

*Judge FOLGER was absent, by reason of illness, for a part of the time covered by this volume, and took no part in the judgments in cases argued or decided between March 18, 1876, and May 22, 1876, unless it is otherwise particularly noted. — [REP.

SICKELS—VOL. XXI.    1

in favor of plaintiffs, entered upon the report of a referee. (Reported below, 4 Hun, 795.)

This action was brought to foreclose a mechanic's lien for materials furnished by plaintiffs to a contractor for the erection of two engine-houses in the village of Greenbush, Rensselaer county.

A notice of lien was filed December 17, 1872, with the town clerk of the town of Greenbush, in which town said village is located.

*R. A. Parmenter* for the appellants.

*G. P. Jenks* for the respondents. The notice of lien should have been filed in the office of the town clerk. (§ 4, chap. 778, Laws 1865 ; 1 Laws 1866, 9 ; *Speilman* v. *Shook,* 11 Mo., 340.)

EARL, J. It is claimed on the part of defendants that at the time the plaintiffs furnished the materials for which they claim their lien, the law required that the notice of the lien should be filed in the county clerk's office instead of the town clerk's office, and if they are wrong in this, that there was no lien law of any kind applicable to the county of Rensselaer. To determine the questions thus presented will require an examination of the several lien laws applicable at different times to that county.

The first mechanic's lien law applicable to that county was passed in 1852 (chaps. 108 and 384 of the laws of that year). The last chapter applied to that and several other counties, and as to that county superseded the former chapter. That law provided for filing the lien in the town clerk's office. By chapter 402 of the Laws of 1854 a lien law was enacted for the counties of Westchester, Oneida, Cortland, Broome, Putnam, Rockland, Orleans, Niagara, Livingston, Otsego, Lewis, Orange and Dutchess, and that act provided that the lien should be filed in the town clerk's office. It repealed all former lien laws as to the counties mentioned in the title of

the act.   By chapter 254 of the Laws of 1858 the act of 1854 was extended and declared to be applicable to all the counties of the State except New York and Erie, and all inconsistent acts were repealed.   Thenceforth, until 1865, the act of 1854 was applicable to Rensselaer county.   In 1865 a special lien law for that county was enacted. (Chap. 778, published in Laws of 1866, p. 9.)   That law provided that the lien should be filed in the town clerk's office, and repealed, as to that county, all other lien laws.   In 1869 (chap. 558) an act was passed to amend the lien law of 1854.   Section 1 of that act amended section 1 of the act of 1854 by extending its provisions to all the counties in the State except Erie, Kings, Queens, New York and Onondaga, and providing that the notice of lien should be filed in the office of the county clerk.   There was no repealing clause in the act.   In 1870 (chap. 194) an act was passed which simply provided that section 1 of the act of 1869 is "amended so as to except from said act the county of Rensselaer."

The law was in this condition when plaintiffs filed their notice of lien in the office of the town clerk of Greenbush and attempted to acquire the lien which they seek to enforce in this action.   The first question to be considered is the effect of the act of 1869 upon the lien law of 1865, specially applicable to the county of Rensselaer.   It is claimed on the part of the appellants that the effect was to repeal the law of 1865 and to bring Rensselaer county again under the law of 1854.   It is a question of legislative intent.   By the act of 1858 the legislature placed that county under the law of 1854, and there it remained until 1865, when a special law was passed, with peculiar provisions applicable to that county only.   Can it be supposed that the legislature meant by the act of 1869 to restore in its application to that county the law of 1854, which had once been repealed as to that county, without any special repeal of the law of 1865 ?   We think not.   It is a rule of construction that a special statute providing for a particular case or applicable to a particular locality is not repealed by a statute general in its terms and

application, unless the intention of the legislature to repeal or alter the special law is manifest, although the terms of the general act would be taken strictly, and but for the special law include the case or cases provided for by it. (*Foster's Case*, 11 Coke, 63, 64; *In the Matter of the Evergreens*, 47 N. Y., 216; *Matter of Com. of Central Park*, 50 id., 493; *Canal Co.* v. *Railroad Co.*, 4 Gill & John., 6; Smith's Stat. and Con. Law, 905.)

The act of 1869 contained no repealing clause, and that the legislature did not mean under the circumstances by the general language used to supersede the special law of 1865 is made more manifest by the act of 1870, evidently passed to remove doubts which had been raised by the general language carelessly used in the act of 1869. It cannot be supposed that the legislature in 1869 deliberately repealed the law of 1865 and restored the law of 1854, and then the next year, at the earliest opportunity, repealed the act of 1869 as to that county and restored the law of 1865. The history of legislation upon this subject, applicable to that county, and all the circumstances, show quite clearly that there was no intention by the legislature in 1869 to interfere with the special act of 1865. But if we should assume the contrary, that the law of 1869 did, by implication, repeal the law of 1865, then the law of 1870 restored that law. It is a general rule of law that when a repealing statute is itself repealed, the first statute is revived, and it matters not whether the repeal in either case be by express language or by implication. (Potter's Dwarris on Stat., 159; 1 Black. Com., 90; Smith's Stat. and Con. Law, 909; 1 Kent's Com., 466; *Commonwealth* v. *Churchill*, 2 Metc., 118; *Hastings* v. *Aiken*, 1 Gray, 163; *Wheeler* v. *Roberts*, 7 Cow., 536; *People* v. *Davis*, 61 Barb., 456; *Churchill* v. *Marsh*, 2 Abb. Pr., 219, 225.) This is a common-law rule of statutory construction, and is based upon the reason that the first law ceased to have force because of the repealing law, and when that was annulled that it was the legislative intent that the first law should again have being. When an act is repealed it must be considered (except as to transactions past

and closed, and possibly as to some pending cases) as if it had never existed.

By the act of 1870 Rensselaer county was excepted from the act of 1869, not, as claimed by the learned counsel for the defendants, from section 1 of that act only, but from the operation of the whole act. The effect was to repeal the act so far as concerned that county if it ever had any force there. The form in which the legislative intent was expressed by exception rather than repeal can make no difference. The same result was accomplished. The law of 1869 ceased operation in Rensselaer county and the law of 1865 again has vitality. It cannot be supposed, in view of the history of legislation upon the subject, that the legislature intended to leave that county without any lien law.

It follows that the law of 1865 was in force, and that the lien was, therefore, properly filed in the town clerk's office.

The further claim is made on behalf of the defendants that plaintiffs could not, under the law, obtain a lien upon the engine-houses because they were public buildings for the public use. It is sufficient to say that this defence was not set up in the answer, and does not seem to have been distinctly claimed at the trial or passed upon by the referee. (*Shattel* v. *Woodward*, 17 Ind., 225.)

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.