15  321
17ap 99

WILLIAM D. WHIPPLE, APPELLANT AND RESPONDENT, *v.*
ASBURY CHRISTIAN, APPELLANT AND RESPONDENT.

*Mechanic's lien law — chapter 305 of 1844 not affected by chapter 402 of 1854,
and chapter 204 of 1858 — filing of notice.*

Chapter 305 of 1844 providing a mechanic's lien law applicable to all the cities
of the State and certain villages, including the village of Canandaigua, was
not repealed or affected by the passage of chapter 402 of 1854, as extended by
chapter 204 of 1858; and the notice, in order to create a lien on land in Canan-
daigua, was, after the passage of the acts of 1854 and 1858, still required to
be filed in the office of the clerk of the county, as provided in the first act, and
not in the office of the town clerk, as prescribed in the two latter statutes.

APPEAL by defendant from a judgment, entered upon the trial
of this action by the court at the Ontario Special Term, and an
appeal by the plaintiff from so much thereof as requires him to
pay the defendant $6,308.04.

*John Gillette, Jr.,* for Whipple.

*Thomas M. Howell* and *S. M. Godiny,* for Christian.

TALCOTT, P. J.:

This is an appeal from a judgment rendered in this action in
favor of the plaintiff at the Ontario Special Term. The action
is to redeem certain premises situated in the village of Canan-
daigua, in said county, from the defendant, who claims title to
them as a purchaser on the foreclosure of certain mortgages upon
said premises and a sale thereof on the 17th of January, 1868.
The mortgages were made to J. & A. McKechnie, in August and
September, 1858. The foreclosure was commenced in August,
1867. The plaintiff, claiming to have a debt against Joshua
Tracy, the owner of the equity of redemption in said premises,
for lumber furnished at his request, to be used in repairs on a
certain building on said premises known as the Tracy House, on
the 10th day of September, 1866, filed a notice of his claim in
the town clerk's office of the town of Canandaigua; and after-
ward, on the 16th day of July, in the year 1867, commenced an

action in the Supreme Court for the purpose of foreclosing the lien supposed to have been created by the filing of the said notice; and on the 29th of August, 1867, obtained a judgment therein by default for the sum of $285.40; and on the 19th day of September, 1868, purchased the said premises on an execution issued on the said judgment, and no person having redeemed the same on the 28th day of December, 1869, the said premises were conveyed to the plaintiff by the sheriff of Ontario county, in pursuance of said judgment and execution sale.

The notice of *lis pendens* in the suit to foreclose the McKechnie mortgages was filed in the office of the clerk of Ontario county on the 6th day of August, 1867, but the plaintiff was not made a defendant in the said action. The defendant, having purchased the said premises at the foreclosure sale, went into possession of the said premises, and has made valuable and permanent improvements thereon, and had no notice of any claim of the plaintiff thereon, until on or about the 6th day of October, 1874, just prior to the commencement of this suit, when the said plaintiff served on the said defendant a written notice claiming that he was the owner of the premises, and giving an account of what he claimed to be his title, and demanding of the defendant that he should render an account of the amounts he had received as the rents and profits of said premises, and offering to pay the $8,000 purchase-money paid by the defendant on his purchase at the foreclosure sale, less the amount of such rents and profits, and demanding the possession of the premises on such payment being made.

The first and most important question which is presented is, whether, by the filing of such notice in the office of the clerk of the town of Canandaigua, the plaintiff acquired a lien under the mechanic's lien law, and by the sale, on execution issued on his judgment and the sheriff's deed, acquired the title to the premises in question.

This depends upon the construction and effect of the various lien laws bearing upon the question. The plaintiff's judgment was recovered on the 24th day of August, 1867, which was subsequent to the filing of the notice of *lis pendens* in the foreclosure suit. By chapter 220 of the Laws of 1844, there was a mechanic's

lien law enacted for the city of New York. By chapter 305 of the Laws of the said session, there was enacted a mechanic's lien law applicable to all the cities of the State (except the city of New York), and to the villages of Syracuse, Williamsburgh, Geneva, Oswego, Auburn and *Canandaigua.* By this act it was provided that " any person who shall hereafter, by virtue of any contract with the owner the reofor his agent, * * * perform any labor or furnish materials in building, altering or repairing any house * * * in the several cities in this State (except the city of New York), and in the villages of Syracuse, Williamsburgh, Geneva, Oswego, Auburn and Canandaigua, shall have a lien," etc. And by the second section of the same act it was provided as follows : " The person performing such labor * * * shall cause to be drawn up specifications of the work by him contracted to be performed, or materials to be furnished, and stating the price or prices agreed to be paid therefor, and shall file them, or if there be a contract, a true copy thereof, if the same be in writing, in the office of the *clerk of the county* in which the city or village may be situated, and serve a notice thereof personally on such owner or his said agent," etc. And section three of the act provides that " the lien so created by this act shall take effect from such filing and such service of the said notice, and shall continue in full force for the space of one year thereafter." This act was amended by the Laws of 1845, by giving to the Court of Common Pleas jurisdiction of the docket of liens and judgments filed with the county clerk in the same manner as judgments recovered in said court.

The next act to be noticed is chapter 402 of the Laws of 1854, entitled, " An act for the better security of mechanics and others erecting buildings in the counties of Westchester, Oneida, Cortland, Broome, Putnam, Rockland, Orleans, Niagara, Livingston, Otsego, Lewis, Orange and Dutchess." Section 1st of this act provides that " any person who shall hereafter perform any labor in erecting * * * any house * * * in either of the counties mentioned * * * shall, on filing with the town clerk of the town in which the property is situated, the notice prescribed in the fourth section of this act, have a lien for the value of such labor and materials, upon such house, * * * and upon the lot, parcel or farm of land upon

which the same shall stand to the extent of the right, title, and interest of the owner of the property existing at the time of the filing of the said notice."

The fourth section of this statute provides that " within thirty days, after the performance and completion of such labor or the final furnishing of such materials, the contractor   *   *   *   * shall serve a notice in writing upon the *town clerk* of the town where the property is located, specifying the amount of the claim and the person against whom the claim is made, the name of the owner of the building; and if in a city or village, the situation of the building by street and number, if the street be known. * * * The town clerk shall enter the particulars of such notice in a book to be kept in his office, to be called the " Lien Docket,"   *   *   * and no lien shall attach to said land, buildings or appurtenances, unless such notice be served and filed by said clerk, and said notice when so filed shall thereafter operate as an incumberance upon said property."   Section 24 provides, that "all acts heretofore passed for the better security of mechanics.   *   *   *   in either of the above counties are hereby repealed," and contains a provision, saving pending proceedings commenced under any former acts.   Clearly the act of 1854 did not alter or otherwise effect the act of 1844 as applicable to the village of Canandaigua.

Chapter 204 of the Laws of 1858 briefly declares that the provisions of the act of 1854 are extended and deemed applicable to all the counties of the State, except New York and Erie.   And section 2 of the act of 1858, provides that all acts and parts of acts inconsistent with the said act of 1858 are thereby repealed.   This is the only legislation that can in any way affect the act of 1844, as applicable to the village of Canandaigua.   The object of the act of 1854 was to extend the benefits of the mechanic's lien law to the counties named in its title, and it provides for the filing of notice of the lien in the town clerk's office of the towns in such counties.   When this act was by the statute of 1858 extended to all the counties of the State, it simply repealed " all acts and parts of acts inconsistent with this act."   There was no inconsistency between the acts of 1858 as applicable to the county of Ontario; and the act of 1844, which had provided a lien law expressly for

the cities of the State except New York, and for certain villages, including Canandaigua.

The Legislature passed an act, chapter 489 of the Laws 1873, purporting to amend the act of 1854 (which act of 1873 was amended by chapter 551 of the Laws of 1874 and by chapter 233 of the Laws of 1875), and which extends to all the counties of the State, except Kings, Queens, Erie, New York, Onondaga and Rensselaer, repeals all acts theretofore passed for the better security of mechanics and others erecting buildings and furnishing materials in either of the *counties* of the State except those named. (Laws of 1873, ch. 489, § 24.) This act provides for the filing of the notice of lien in the office of the clerk of the county where the property is situated. (§ 4.)

All the legislation affecting the question down to the time when the plaintiff filed his notice of lien affected only counties as to which no mechanic's lien law existed, and was presumably intended only to embrace such counties. The law of 1844 was special and local as to the cities and villages embraced within its provisions. The act of 1858 was a general law, and it is a well-established rule for the construction of statutes that a general law does not repeal a local law relating to the same subject, unless the intent to repeal the local law is clearly manifested. (Smith's Commentaries, § 757, pp. 87, 98; § 788, p. 905.)

In *Bowen* v. *Lease*, 5 Hill, 221, the court says : " As laws are presumed to be passed with deliberation and with full knowledge of all existing ones on the same subject, it is but reasonable to conclude that the Legislature, in passing a statute, did not intend to interfere with or abrogate any former law relating to the same matter, unless the repugnancy between the two is irreconcilable. Hence a repeal by implication is not favored; on the contrary, courts are bound to uphold the prior law if the two acts, may well subsist together." (Op., p. 226, and see *Van Denburgh et al.* v. *The President, etc., of Greenbush*, 66 N. Y., 1, Op., p. 3.)

It cannot be presumed that by the act of 1854, extended by the act of 1858, the Legislature intended to repeal the law of 1844, as by such a construction there would have been left no lien law applicable to any portion of the State except the city of New York; and town clerk's offices are not known in cities.

The act of 1844 had no reference to the county of Ontario; it gave a mechanic's lien as to property situated within the village of Canandaigua, whilst the act of 1854, extended by the act of 1858, was intended to give to mechanics power to create a lien on buildings situate in the county of Ontario, and without the limits of the villages of Geneva and Canandaigua, and there is nothing inconsistent in the two laws, and no such repugnancy between the two as makes it necessary to hold that the law of 1844 was repealed by the extension of the law of 1854 to the several *counties* of the State.

If these views are correct, they lead to a reversal of the judgment, because the notice of the lien claimed by the plaintiff was not filed in the office of the clerk of Ontario county, and therefore he acquired no title as against the purchaser on the foreclosure of the prior mortgages, by a sale on his execution, because he had no lien when the notice of *lis pendens* was filed in the action to foreclose the mortgages.

Judgment reversed and complaint dismissed, with costs to the defendant.

The effect of the reversal of the judgment in the above case is to reverse all the proceedings on the reference for the accounting, which are accordingly reversed without costs to either party.

HARDIN, J., concurred; SMITH, J., not sitting.

Judgment reversed and complaint dismissed, with costs to the defendant. Decision of referee on accounting reversed, without costs.