Ward, J.
(dissenting). — -The fines and penalties specified in this submission belong to the city of Buffalo, whether paid into the city treasury by the keeper of the Erie county penitentiary, in the *121 manner required by the charter of the city, or whether the)7, come to the city through the circumlocution of chapter 686 of the Laws of 1892. The most natural and reasonable way would be as provided by the charter; that being a direct way, and the money is paid over, substantially, as soon as it is received by the keeper. By the other process the keeper must pay over the money to the county treasurer within ninety days after its receipt, keep an ac-, count of it, and make an annual report to the supervisors of the county, and then they, by a resolution, shall turn it over to the city. It is claimed by the defendant that chapter 686 became a law after the adoption of the Buffalo charter, and consequently was the latest declaration of the legislative will upon the subject, and is controlling, it being an implied repeal of the provision of the charter as to the manner of the payment of this money by the keeper. Chapter 686 is a general statute affecting the whole state, and is entitled ‘‘An act in relation to counties, constituting chapter 18 of the general law.” It is what is generally known as the “County Law,” and its purpose was to embrace statutes of the-state affecting the government of counties, as such, and does not assume to be a revising statute, otherwise. Nor does it assume to repeal any laws affecting the government of cities, or otherwise, except as set forth in the “Schedule of Laws Repealed,” appended to said county law, and made a part thereof, and in such schedule we do not find the repeal of this provision of the Buffalo charter. We must assume, therefore, that, as this county law specially designates the statutes which it is intended to-repeal, the legislature,, in enacting it, did not intend to repeal by implication the section of the charter under which the plaintiff claims. Repeals by implication are not favored. And it is well settled that a special and local statute providing for a particular case or class of cases is not repealed or amended, as to some of its provisions, by a statute general in its terms, provisions, and applications, unless the intent to repeal or alter is manifest, although the terms of the general act would, but for the special law, include the cases provided for by the latter. In re Application of Commissioners, etc., in New York City, 50 N. Y. 493; People v. Quigg, 59 id. 83; Buffalo Cemetery Ass'n v. City of Buffalo, 118 id. 61; 27 St. Rep. 749; James v. Sammis, 132 N. Y. 239 ; 43 St. Rep. 910; Aldinger v. Pugh, 57 Hun, 181; 32 St. Rep. 518; Broum v. Duane, 60 Hun, 98, 37 St. Rep. 691; Harrington v. Trustees, 10 Wend. 552 ; Van Denburgh v. Village of Greenbush, 66 N. Y. 1; Whipple v. Christian, 80 id. 523. In the last two cases it was held that the lien law affecting special localities and counties were not repealed by a general lien law of the state subsequently passed, in the absence of repealing clauses to that effect. The learned counsel for the defendant cites several eases which mainly relate to theeffectof subsequent general statutes upon prior general ones, and where the courts hold that, when the legislature manifests a design to embrace the subject-matter of the former statute in the latter, the former is repealed by implication. These-cases do not aid us. Section 385 of the Buffalo charter was therefore in full force at the *122 time that the moneys sought to be recovered from the defendant were received by him, and constitutes the guide 'of his action. It is true that section 234 of chapter 686 (County Law), requires that the county treasurer shall distribute all moneys belonging to any town or city in such county, received by him, as the board of supervisors shall direct. This can only refer to such moneys as the treasurer is entitled to receive under the county law; and as, by the charter, this money does not go into the hands of the county treasurer at all, the provision of the act of 1892 has no application. There is no such incongruity between the provisions of the city -charter and that of the provisions of the general county law as prevents their standing and being enforced together. As to this particular police fund, the charter prevails, and the money must be paid to the city treasurer according to its provisions. It follows from these views that the plaintiff should have judgment, under the stipulation, for the sum of $5,546.05, but, under the stipulation, without interest or costs. Costs are not to be awarded to either party.