(16 Misc. Rep. 383.)

### STANTON et al. v. GOHLER et al.

(Supreme Court, Appellate Term, First Department. March 23, 1896.)

1. DISTRICT COURTS—JURISDICTION—ACTIONS AGAINST ADMINISTRATORS.
    The mechanic's lien law (Laws 1885, c. 342), § 9, authorizing the prosecution of an action to foreclose a lien in courts not of record, did not remove the inhibition of Code Civ. Proc. § 2863, subd. 5, and of the consolidation act (Laws 1882, c. 410), § 1286, subd. 3, against the exercise of jurisdiction by the district courts in the city of New York, in actions brought against an executor or administrator, as such.
2. APPEAL—SEVERAL JUDGMENT.
    Where a judgment against defendants is several, and an appeal is taken as to one of them, to whom the notice of appeal is directed only, the judgment in favor of the other defendant, where he does not participate in the appeal, will not be considered.

Appeal from Tenth district court.

Action by Patrick Stanton and Stuart F. Clark, as subcontractors, against August Gohler, owner, and William S. Haley, admin-

istrator, etc., of William H. Haley, deceased, contractor, for the foreclosure of a lien claimed pursuant to the provisions of the mechanic's lien law, and for a deficiency judgment. From a judgment of dismissal of the complaint, rendered by the district court in the city of New York for the Tenth judicial district, plaintiffs appeal. Affirmed as to defendant administrator.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

George W. Stephens, for appellants.
Clarence D. W. Rogers, for respondents.

BISCHOFF, J. The questions which were argued upon this appeal are: (1) Whether or not, in an action to foreclose a lien claimed pursuant to the provisions of the mechanic's lien law (chapter 342, Laws 1885), the district courts in the city of New York acquire jurisdiction of an executor or administrator defendant, it being urged for the appellants that, for the purposes of such an action, the previous inhibition of jurisdiction in actions against executors or administrators (Code Civ. Proc. §§ 2863, 3215; Risley v. Bank, 83 N. Y. 318, 337; Davidsburgh v. Insurance Co., 90 N. Y. 526, 530) was removed by section 9 of the mechanic's lien law, which is as follows: "An action to foreclose a lien, provided for in this act, may be brought in a court not of record, which would have jurisdiction to render a judgment in an action upon a contract for a sum equal to the amount of the lien," etc.; and (2) whether or not, by a notice filed after the death of his contractor, the subcontractor may acquire a valid lien. The action was one in behalf of certain subcontractors against the owner of the premises and the administrator of the deceased contractor, to foreclose a lien, the amount of the alleged lien being less than $250. It was conceded that the notice of lien was filed after the decease of the contractor, and the court below thereupon directed the dismissal of the complaint with regard to both defendants; the grounds stated for such dismissal at the time involving the negative of the questions above alluded to. The record, however, presents only the first of such questions for our consideration. Nothing in the mechanic's lien law (Laws 1885, c. 342) evinces legislative intention, by authorizing the prosecution of an action to foreclose a lien in courts not of record, to remove the inhibition of subdivision 5 of section 2863 of the Code of Civil Procedure (see, also, section 3215), and subdivision 3 of section 1286 of the consolidation act (chapter 410, Laws 1882), against the exercise of jurisdiction by the district courts in the city of New York in actions brought against an executor or administrator, as such. Such inhibition, therefore, being special and local in its operation, upon well-settled rules of statutory construction, prevails against the provisions of a general law with regard to which it is not plainly repugnant. Van Denburgh v. Greenbush, 66 N. Y. 1, 3; 23 Am. & Eng. Enc. Law, 422, and cases collated in note 3. It follows that the action was properly dismissed as against the defendant administrator. Obviously, the judgment appealed from was several

with regard to the defendants.    In so far as it proceeded from the want of jurisdiction it was in favor of the defendant administrator, and rightfully rendered.    He could not litigate the validity of the lien claimed in the court below; and, in so far as the judgment determined the lien to be invalid, it was in favor of the defendant owner.    From the last-mentioned judgment no appeal appears to have been taken, the notice of appeal being directed to the defendant administrator only.    The defendant owner did not, so far as appears from the record, participate in this appeal, and without an appeal from the judgment in his favor any inquiry on our part concerning the conclusion of the court below that the notice of lien filed was a nullity would involve the decision of a moot case,—a task which we are not bound to assume.    Bartemeyer v. Iowa, 18 Wall. 129.

The judgment in favor of the defendant administrator and respondent is affirmed, with costs.    All concur.