(41 Misc. Rep. 590.)

PEOPLE ex rel. CONINE v. STEUBEN COUNTY et al.

(Supreme Court, Trial Term, Steuben County. November, 1903.)

1. COUNTY TREASURER—COMPENSATION—STATUTES—REPEAL.

1 Rev. St. (1st Ed.) p. 369, pt. 1, c. 12, tit. 2, § 26, authorized the county treasurer to retain a certain commission on the money received and paid out by him. Laws 1846, p. 214, c. 189, as amended by Laws 1871, p. 227, c. 110, provided that the several county treasurers of the state should receive for their services, instead of the fees allowed by law, compensation fixed by the respective ·boards of supervisors, and should, in addition, be entitled to retain a fixed per cent. on state money received and paid over. Laws 1877, p. 494, c. 436, as amended by Laws 1880, p. 358, c. 233, provided that every county treasurer should receive as compensation for his services an annual salary, to be fixed by the board of supervisors, and prohibited him from receiving any fees or other compensation, except for the sale of lands for unpaid taxes, and declared that the act should not be construed to prevent the treasurer from retaining for the benefit of the county the commission for receiving and paying over state money allowed by law. *Held*, that Laws 1877, p. 494, c. 436, as amended, repealed by implication Laws 1846, p. 214, c. 189, as amended by Laws 1871, p. 227, c. 110.

2. STATUTES—IMPLIED REPEAL—REVIVAL.

The express repeal of Laws 1877, p. 494, c. 436, which impliedly repealed Laws 1846, p. 214, c. 189, as amended by Laws 1871, p. 227, c. 110, by Laws 1892, p. 1743, c. 686, did not revive the laws impliedly repealed; page 1491, c. 677, § 31, declaring that the repeal of any statute repealing a prior statute does not revive the prior statute.

3. SAME.

As Laws 1892, p. 1746, c. 686, § 12, subd. 5, authorizes the board of supervisors to fix the salary of county treasurers, so much of Laws 1877, p. 494, c. 436, as provides that every county treasurer shall receive for services an annual salary, to be fixed by the board of supervisors, is expressly saved from the effect of the repeal; Statutory Construction Law (Laws 1892, p. 1492, c. 677) § 32, declaring that a law repealing a prior law which is substantially a re-enactment of the prior law shall be construed as a continuation of the prior law.

4. COUNTY TREASURER—SALARY—VALIDITY OF BOARD'S ACTION.

Where a board of supervisors adopted the report of a committee appointed to fix the salary of the county treasurer, and which fixed the salary, but the board failed to adopt a resolution fixing the salary, and the treasurer and the board proceeded on the theory that the action of the board was effectual to fix the salary, the treasurer, after the expiration of his time, could not question the validity of the board's action.

Mandamus by the people, on the relation of Gamaliel T. Conine, to compel Steuben county to pay the relator fees for collecting the state and school taxes during the six years of his services as county treasurer ending December 31, 1900. Denied.

Charles H. McMaster (Monroe Wheeler, of counsel), for relator.
William W. Clark (William H. Nichols, of counsel), for respondents

NASH, J. The confusion and apparent inconsistencies and incongruities found to exist in the laws enacted from time to time, regulating the fees of county treasurers, by Judge Allen, in deciding the case of Board of Supervisors v. Otis, 62 N. Y. 97, had not been removed at the time the relator held the office of treasurer of the county of Steuben. The question whether county treasurers might

or might not receive fees in addition to their salary at the time the relator held office, in counties in which the compensation of the county treasurer had been fixed by the board of supervisors, has not been determined by any decision to which reference has been made by counsel. The question at issue here, so far as I have been able to discover, remains undecided. A review of the statutes is therefore necessary to its determination.

The Revised Statutes made it the duty of the county treasurer (1 Rev. St. [1st Ed.] p. 369, pt. 1, c. 12, tit. 2, § 20)—

"To receive all moneys belonging to the county, from whatever source they may be derived; and all moneys belonging to this state, which by law are directed to be paid to him; and to pay and apply such moneys in the manner required by law."

And section 26 of the same article provided as follows:

"The county treasurer shall be entitled to retain a commission of one per cent. on every dollar which he shall receive and pay; to wit, one-half of such commission for receiving, and the other half for paying."

Chapter 189, p. 214, of the Laws of 1846, further regulating the fees of county treasurers, provided as follows:

"Section 1. The several county treasurers of this state, shall hereafter receive for their services, instead of the fees now allowed by law, such compensation as shall be fixed by the respective boards of supervisors of their respective counties, not exceeding the half of one per cent. for receiving, and the half of one per cent. for disbursing, and in no case to exceed the sum of five hundred dollars per annum."

The act of 1846 was amended by chapter 110, p. 227, of the Laws of 1871, so as to read as follows:

"Section 1. The several county treasurers of this state shall hereafter receive for their services, instead of the fees now allowed by law, such compensation as shall be fixed by the respective boards of supervisors of their respective counties, not exceeding the half of one per cent. for receiving, and the half of one per cent. for disbursing all moneys belonging to their said counties, respectively. In addition to such compensation so fixed as aforesaid, they shall be entitled to retain a commission of one per centum on every dollar belonging to the state, which they shall receive and pay over, to wit: one-half of one per centum for receiving and one-half of one per centum for disbursing, but in no case to exceed the sum of five hundred dollars. This act shall not apply to the counties of New York, Kings, Albany, Otsego, Onondaga, Erie and Westchester."

The act of 1846 expressly provided that, instead of the fees allowed by law, being the fees given by the Revised Statutes, county treasurers should receive for their services the compensation fixed by the board of supervisors of their respective counties.

The contention in behalf of the relator is that the statute of 1846 gave to the board of supervisors power to fix the compensation for such services only as should be rendered to the county, and did not have the effect of depriving the county treasurer of his fees for receiving and paying over moneys belonging to the state. The case of the Board of Supervisors v. Otis is cited in support of this contention. There it was held that the treasurer of the county of Monroe in the years 1858, 1859, and 1860 was entitled to retain the fees allowed to him by the Comptroller for services rendered in receiving and paying over the state tax. The case cannot be regarded as au-

thority for the proposition that county treasurers may receive their fees in addition to the compensation fixed by the boards of supervisors under the act of 1846, for the reason that the board of supervisors of the county of Monroe had not fixed the salary of the county treasurer.

In 1877 the compensation of county treasurers was changed from the fee system to a salary. Chapter 436, p. 494, of the laws of that year, provided as follows:

"Sec. 5. Every county treasurer hereafter elected or appointed shall receive as compensation for his services an annual salary, to be fixed by the board of supervisors. He shall not receive to his use any interest, fees or other compensation for his services, except in proceedings for the sale of lands for unpaid taxes as may be now provided for by law."

In this statute there was no provision relative to the fee of 1 per cent. for receiving and paying over the state tax, other than the provision that the county treasurer should not receive the fee for his own use. In 1880, by chapter 233, p. 358, the act of 1877 was amended by adding an additional section, as follows:

"Sec. 10. Nothing in this act shall be construed as preventing the treasurers of the several counties of this state, in which the treasurer is a salaried officer, from retaining for the benefit of their said counties, respectively, the same compensation for receiving and paying the money belonging to the state every year, as that now allowed by law, where such treasurer is not a salaried officer, and the Comptroller is hereby authorized to allow to the said treasurers, for the benefit of their respective counties, on state taxes hereafter received and paid over by them, where not already allowed, the compensation now allowed by law, where such treasurer is not a salaried officer."

By the act of 1877 and the amendment of 1880 a complete change was made in the system of compensating county treasurers of the state, other than in the city and county of New York and the counties excepted from the provisions of the act. In the counties in which it was provided that the compensation of the county treasurer should be fixed by the board of supervisors, he was entitled to receive the annual salary fixed by the board in lieu of fees as provided by the act of 1871 as compensation for his services, and he was not entitled to receive to his use any fees or other compensation. Board of Supervisors v. Jones, 119 N. Y. 339, 23 N. E. 742. The effect, therefore, of the act of 1877, was to repeal by implication the act of 1846 as amended by the act of 1871, so far as it authorized the fees system of compensation for the services of county treasurers. This seems to be conceded on behalf of the relator, but it is contended that, the acts of 1877 and 1880 having been expressly repealed by section 238 of the county law (Laws of 1892, p. 1796, c. 686), thereby the provision of the act of 1871 giving to the county treasurer the 1 per cent. for receiving and paying over moneys to the state was left in full force. This contention would be upheld, but for the provisions of the statutory construction law (Laws 1892, p. 1485, c. 677). Before that act it was held that:

"Where a repealing statute is itself repealed, the first statute is revived, and it matters not whether the repeal in either case be by express language or by implication." Van Denburgh v. Village of Greenbush, 66 N. Y. 1.

The first sentence of section 31, p. 1491, of the statutory construction law, reads as follows:

"The repeal hereafter or by this chapter of any provision of a statute, which repeals any provision of a prior statute, does not revive such prior provision."

This provision is applicable in construing other laws passed at the same session. Rev. St. (Banks' Ed.) p. 118, pt. 1, c. 677, § 31, note.

The part of the act of 1877 which provides that every county treasurer thereafter elected should receive for his services an annual salary, to be fixed by the board of supervisors, is, however, expressly saved from the effect of the repeal by section 32, p. 1492, of the statutory construction law, which provides as follows:

"The provisions of a law repealing a prior law, which are substantially reenactments of provisions of the prior law, shall be construed as a continuation of such provisions of such prior law, and not as new enactments."

The county law gives to the board of supervisors the power to fix the salaries and compensation of county treasurers. Section 12, subd. 5, c. 686, p. 1746, Laws 1892.

In 1890 the board of supervisors of Steuben county undertook to fix the salary of the county treasurer, and for that purpose appointed a committee of the board to fix the salary. The committee, by its report, recommended that the salary of the treasurer be fixed at $1,200 per annum. The report of the committee was adopted, and the committee discharged. There was no formal resolution of the board fixing the salary. While the action of the board was informal, and not in accordance with the manner in which the board should have acted in the exercise of its legislative powers, I am inclined to the opinion that it is too late now to declare the act of the board insufficient for the purpose of fixing the relator's salary. It was done in an attempted compliance with the enactments of 1877, which provided that the county treasurer should receive an annual salary, to be fixed by the board of supervisors. Both the parties having proceeded upon the assumption that the action of the board was effectual to fix the salary, their acts may be regarded as a practical interpretation of the law for the purposes of their contract. It follows that the application for the writ should be denied.

Application denied, with costs.