PEOPLE ex rel. CONINE, Appellant, v. STEUBEN COUNTY et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. March 29, 1904.) Proceeding by the people of the state of New York, on the relation of Gamaliel T. Conine, against the county of Steuben and others. No opinion. Judgment and order affirmed, with costs, upon the opinion of NASH, J.. (85 N. Y. Supp. 244), delivered at special term.

PEOPLE ex rel. DURAND–RUEL, Appellant, v. WELLS et al., Respondents. (Supreme Court, Appellate Division, First Department. March 25, 1904.) Proceeding by the people of the state of New York, on the relation of George Durand-Ruel, against James L. Wells and others. F. R. Coudert, for appellant. G. S. Coleman, for respondents. No opinion. Order (83 N. Y. Supp. 936) affirmed, with $10 costs and disbursements.

PEOPLE ex rel. ELY v. GROUT, Comptroller. (Supreme Court, Appellate Division, First Department. March 18, 1904.) Proceeding by the people of the state of New York, on the relation of Ambrose K. Ely, against Edward M. Grout, comptroller. No opinion. Motion granted, with $10 costs.

PEOPLE ex rel. FRANK v. BOARD OF EDUCATION. (Supreme Court, Appellate Division, First Department. March 18, 1904.) Proceeding by the people of the state of New York, on the relation of Augusta B. Frank, against the Board of Education. No opinion. Motion granted, with $10 costs.

PEOPLE ex rel. GOETZ SILK MFG. CO., Respondent, v. WELLS et al., Appellants. (Supreme Court, Appellate Division, First Department. April 8, 1904.) Proceeding by the people of the state of New York, on the relation of the Goetz Silk Manufacturing Company, against James L. Wells and others. G. S. Coleman, for appellants. W. A. McQuaid, for respondent. No opinion. Order (85 N. Y. Supp. 533) affirmed, with costs.

PEOPLE ex rel. GOLER v. BOARD OF SUP'RS OF MONROE COUNTY. (Supreme Court, Appellate Division, Fourth Department. March 22, 1904.) Proceeding by the people of the state of New York, on the relation of George W. Goler, against the board of supervisors of the county of Monroe.

PER CURIAM. Writ of certiorari to review the determination of the board of supervisors of Monroe county dismissed, with $50 costs and disbursements against relator.

PEOPLE ex rel. GRAHAM v. STUDWELL, Supervisor, et al. (Supreme Court, Appellate Division, Second Department. March 15, 1904.) Proceeding by the people of the state of New York, on the relation of Samuel H. Graham, against Edwin F. Studwell, as supervisor, and others, composing the town board of the town of Rye. No opinion. Motion granted, and order resettled and signed.

PEOPLE ex rel. GRANT v. GREENE, Police Com'r. (Supreme Court, Appellate Division, First Department. April 15, 1904.) Certiorari, on the relation of Donald Grant, to review the determination of Francis V. Greene, as police commissioner, dismissing relator from the police force. Writ sustained. Frank S. Black, for relator. Terence Farley, for respondent.

PATTERSON, J. The relator, an inspector in the police department of the city of New York, was tried before the deputy police commissioner upon charges, and was dismissed by the police commissioner from the force. The charges made against him were substantially the same as those preferred against Police Captain Stephenson, who was also convicted by the police commissioner and dismissed from the force, but who has been reinstated by this court (87 N. Y. Supp. 172) on a reversal of the conviction. The evidence in the record now before us is, upon the substantial matters involved, identical with that taken before the police commissioner on the trial of Stephenson, and it appears that the record of the evidence taken in the Stephenson Case was offered and received as that upon which the findings of the police commissioner were made in the case at bar. The only additional proof seems to consist of the testimony of Police Commissioner Partridge and of the relator himself and of James Haggerty, and some exhibits, which in no way strengthen the case against the present relator. In that state of the record, the finding of the commissioner that the relator was guilty of the charges against him must be set aside for insufficiency of evidence to establish any one of the charges upon which the relator was arraigned and tried. The proceedings must be annulled, and the writ of certiorari sustained, and the relator reinstated in his former position, with $50 costs and disbursements.

VAN BRUNT, P. J., and McLAUGHLIN and LAUGHLIN, JJ., concur.

INGRAHAM, J. I concur, as concluded by the Stephenson Case, 87 N. Y. Supp. 172.

PEOPLE ex rel. HUSTED et al., Respondents, v. BOARD OF TRUSTEES OF VILLAGE OF WHITE PLAINS, Appellants (three cases). (Supreme Court, Appellate Division, Second Department. April 15, 1904.) Proceedings by the people of the state of New York, on the relation of Harvey Husted and others, against the board of trustees of the village of White Plains. No opinion. Orders affirmed, with $10 costs and disbursements, on the opinion of Mr. Justice KEOGH at Special Term.